99 A.3d 371

IN THE MATTER OF DAVID R. CARMEL, AN ATTORNEY AT LAW (ATTORNEY NO. 283891972).

October 8, 2014.

## ORDER

This matter have been duly presented pursuant to *Rule* 1:20–10(b), following the granting of a motion for discipline by consent in DRB 14–163 of **DAVID R. CARMEL** of **FORT LEE,** who was admitted to the bar of this State in 1972;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation);

And the parties having agreed that respondent's conduct violated *RPC* 8.4(c), and that said conduct warrants a reprimand to a three-month suspension;

And the Disciplinary Review Board having determined that a three-month suspension from practice is the appropriate discipline for respondent's unethical conduct and having granted the motion for discipline by consent in District Docket No. XIV–2013–0329E;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **DAVID R. CARMEL** of **FORT LEE** is hereby suspended from the practice of law for a period of three months, effective November 7, 2014, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.